**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39608**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>ROSEMARY PEARL DYCUS,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)       **2013 Opinion No. 14**<br><br>**Filed: February 25, 2013**<br><br>**Stephen W. Kenyon, Clerk** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge. Hon. Penny J. Stanford and Stephen J. Clark, Magistrates.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for possession of drug paraphernalia, <u>affirmed</u>.

James H. Barrett, Jr., Bonneville County Public Defender; Timothy D. French, Deputy Public Defender, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Rosemary Pearl Dycus appeals from the district court's order, on intermediate appeal, affirming her judgment of conviction for possession of drug paraphernalia. Specifically, Dycus challenges the magistrate's denial of her motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In October 2010, an officer familiar with Dycus observed her driving down the street. Due to previous contacts, the officer knew Dycus had a suspended driver's license. While the officer requested confirmation of this through dispatch, Dycus pulled into a convenience store parking lot and went inside. The officer pulled into the parking lot as well and waited for confirmation of Dycus's driving status from dispatch. Once dispatch confirmed that Dycus had a

1

suspended license, the officer went inside to arrest Dycus for driving without a license.  Inside, a store clerk directed the officer to the restroom, stating a person matching Dycus's description was inside.  The officer knocked on the locked restroom door and requested that Dycus come out.  Dycus indicated she would in one moment.  However, Dycus did not open the door.  At this point, the officer returned to the clerk and obtained the key to the restroom.  As the officer opened the restroom door, Dycus attempted to push the door shut.  The officer eventually made his way inside and arrested Dycus.  After the arrest, the officer searched a jacket on the floor of the restroom and discovered a marijuana pipe in the jacket.  The state charged Dycus with driving without privileges, I.C. § 18-8001, and possession of drug paraphernalia, I.C. § 37-2734A(1).  Dycus filed a motion to suppress, claiming the entry into the restroom and search of the jacket was unlawful.  The magistrate denied the motion.  Dycus entered a conditional guilty plea, reserving her right to challenge the ruling from the suppression motion on appeal.  The state agreed to dismiss the driving without privileges charge.  The magistrate imposed a suspended jail sentence and placed Dycus on probation for two years.  Dycus appealed to the district court, which affirmed.  Dycus again appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly.  *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008).  We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings.  *Id.*  If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.  *Id.*

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Dycus argues that the officer's entry into the restroom constituted a warrantless search under the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution[1] and does not fall within any of the exceptions to the warrant requirement. The state argues that the search was valid as incident to a lawful arrest and that, even assuming the entry did constitute a search, the suppression motion was properly denied by the magistrate under the inevitable discovery doctrine. The magistrate and the district court both relied on the inevitable discovery doctrine in reaching their conclusions that the search was constitutionally permissible. Our decision is based upon the search incident to lawful arrest exception to the warrant requirement. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984).

The Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution protect people against unreasonable searches and seizures. The guarantees under the United States Constitution and the Idaho Constitution are substantially the same. *State v. Fees*, 140 Idaho 81, 88, 90 P.3d 306, 313 (2004). When seizure occurs without a warrant, the government bears the burden of proving facts necessary to establish an exception to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971). Evidence obtained in violation of these constitutional protections must be suppressed in a criminal prosecution of the person whose rights were violated. *State v. Curl*, 125 Idaho 224, 227, 869 P.2d 224, 227 (1993).

A peace officer may make a warrantless arrest when a person has committed a public offense in the presence of the peace officer. I.C. § 19-603(1). While a warrant is typically required for entry into a suspect's home to effect an arrest, no similar requirement exists where the arrest is made in public. *Compare Payton v. New York*, 445 U.S. 573, 576 (1980) (holding

---

[1] Although Dycus contends that both constitutions were violated, she provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Dycus's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

New York statute allowing routine felony arrests in residences without a warrant violates the Fourth Amendment) *with United States v. Watson*, 423 U.S. 411, 423-24 (1976) (holding warrantless arrest in a public place does not violate the Fourth Amendment). Therefore, the type of premises where the arrest occurs is integral in determining whether a warrant was required. *See* WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 6.1(c) (5th ed. 2010). Where a commercial premises, open to the public, is entered to effect an arrest, no warrant is required. *Id.*; *see also State v. White*, 915 P.2d 1099, 1102 (Wash. 1996).

In *Payton*, the United States Supreme Court faced an issue concerning Fourth Amendment limitations on arresting individuals. New York had enacted a statute which permitted officers to enter private residences in order to effectuate routine felony arrests without a warrant. There, the defendant was arrested by officers acting under color of this statute. The Court held that, without consent or exigent circumstances, entry into an individual's home to effectuate an arrest without a warrant runs afoul of the Fourth Amendment. *Payton*, 445 U.S. at 590. Important to the Court's ruling was that such arrests were taking place within a residence--a place that has consistently received heightened Fourth Amendment protection. *See id.* at 585-86 (stating entry into the home of an individual is the main evil against which the Fourth Amendment is directed). The Court further expanded upon this holding, explaining the difference between arrests and searches. It explicitly recognized that arrest warrants carry with them "the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Id.* at 603. In *White*, the Washington Supreme Court took the next logical step from this holding, ruling that where an officer has the authority to make a warrantless arrest in public, the officer is able to make some incidental intrusions, which do not automatically turn the arrest into a search. *White*, 915 P.2d at 1102-03.

In *White*, an officer developed probable cause to arrest White while conducting surveillance of a drug transaction. *Id.* at 1100. The officer followed White into a restaurant, where an employee directed the officer to the restroom inside. Once inside the restroom, the officer observed clothing under one of the stalls consistent with what he observed White wearing. The officer informed White he was under arrest and ordered White out of the stall. After confirming White's identity, the officer searched White's jacket and found currency, a pager, and drugs. White argued that such evidence was obtained by a warrantless search and should have been suppressed. The Washington Supreme Court examined the underpinnings of

*Payton* and held that no warrant was required to arrest White in these circumstances. The court placed great weight on the passage from *Payton* indicating that the arrest warrant carries with it the limited authority to enter the dwelling and arrest the defendant. *White*, 915 P.2d at 1102. In accord with that ruling from *Payton*, the court stated that, where a warrantless arrest based on probable cause may be made, the fact that some intrusion is necessary to effect the arrest does not turn the arrest into a search. *White*, 915 P.2d at 1102. We find the analysis of the Washington Supreme Court persuasive and consistent with Idaho case law. *See, e.g.*, *State v. Jenkins*, 143 Idaho 918, 921, 155 P.3d 1157, 1160 (2007) (holding where officers developed probable cause to arrest defendant in a public place--his driveway--intrusion into defendant's garage was permissible to effect arrest and did not require a warrant).

In this case, the facts are analogous to those in *White.* The officer had probable cause to arrest Dycus when she entered the store and, acting upon this, the officer sought to make a lawful arrest by obtaining the key and entering the restroom. As the incidental intrusion of the officer in *White* did not transform the officer's actions into a search, the officer's intrusion in entering the restroom is also properly viewed as incidental to making a valid warrantless arrest. The search at issue in this case did not occur until after the arrest and was permissible pursuant to the search incident to arrest exception. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996).

Furthermore, even if the officer's entry into the restroom could be construed as a search, it was done with the consent of the store clerk--a person who possessed at a minimum, apparent authority to grant such consent. Consent is a well-grounded exception to the warrant requirement. *State v. Hansen*, 151 Idaho 342, 346, 256 P.3d 750, 754 (2011). Therefore, the district court's ruling can be affirmed on this basis as well.

## IV.

## CONCLUSION

No warrant was required for the officer to effect the arrest of Dycus on the premises of a commercial establishment open to the public. The officer's incidental intrusion of entering the restroom did not transform the arrest into a search. Even if entry into the restroom could be construed as a search, it was made with the consent of the store clerk. Accordingly, no violation of either the United States Constitution or the Idaho Constitution occurred. Therefore, the magistrate did not err in denying Dycus's motion to suppress. The district court's order, on

intermediate appeal from the magistrate, affirming Dycus's judgment of conviction for possession of drug paraphernalia is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**