# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41580

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 346 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  February 11, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARIO FELIPE COSTA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. Robert J. Elgee, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Mario Felipe Costa appeals from his conviction for felony driving under the influence, contending that the district court erred by denying his motion to suppress evidence.  We affirm.

## I.

## BACKGROUND

In September of 2012, a Jerome police officer received a report of shots fired from a moving vehicle.  The officer observed a pickup truck matching the description of the suspect vehicle and pulled the vehicle over.  Costa was driving.  Thereafter, the officer and a Jerome County deputy also responding to the scene observed signs indicating that Costa was intoxicated.  The deputy had Costa perform field sobriety tests, which Costa failed.  Costa was arrested for

1

driving under the influence. At the jail, Costa submitted to a breath test returning results of .179 and .162

Costa was charged with felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(6), based upon two prior convictions within the previous ten years. Costa moved to suppress, alleging that the evidence against him was gained from an illegal stop, detention, and arrest. The district court denied the motion. Thereafter, Costa entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion.

## II.

## ANALYSIS

On appeal, Costa pursues only one part of his suppression motion, contending that the district court erred in concluding that his arrest for DUI was supported by probable cause. Costa does not challenge the district court's factual findings but instead argues that those facts do not amount to probable cause. Thus, Costa asserts, his breath test results should have been suppressed.[1]

When a decision on a suppression motion is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution[2] protects the right of the people to be free from unreasonable searches and seizures, "and no Warrants shall issue, but upon

---

[1]     The exclusionary rule calls for suppression of evidence that is gained through unconstitutional governmental activity. *Segura v. United States*, 468 U.S. 796, 815 (1984); *State v. Wigginton*, 142 Idaho 180, 184, 125 P.3d 536, 540 (Ct. App. 2005). This prohibition against the use of derivative evidence extends to the indirect as well as the direct fruit of the government's misconduct. *Segura*, 468 U.S. at 804; *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

[2]     Although Costa also contends that Article I, Section 17 of the Idaho Constitution was violated, he provides no argument that our state constitutional provision should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore,

2

probable cause . . . ." U.S. CONST. amend. IV. When seizure occurs without a warrant, the government bears the burden of proving facts necessary to establish an exception to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *State v. Dycus*, 154 Idaho 456, 459, 299 P.3d 263, 266 (Ct. App. 2013). Evidence obtained in violation of these constitutional protections must be suppressed in a criminal prosecution of the person whose rights were violated. *Dycus*, 154 Idaho at 459, 299 P.3d at 266. A warrantless arrest of an individual in a public place for a felony is consistent with the Fourth Amendment if the arrest is supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). We freely review the trial court's legal conclusion that the facts established probable cause to support an arrest. *See State v. Bainbridge*, 117 Idaho 245, 247, 787 P.2d 231, 233 (1990).

Probable cause is "the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty." *State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.*; *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The facts making up a probable cause determination are viewed from an objective standpoint. *Julian*, 129 Idaho at 136-37, 922 P.2d at 1062-63. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991). In evaluating whether the State has met this practical and common-sense standard, the totality of the circumstances is considered. *Pringle*, 540 U.S. at 371.

In denying the motion to suppress, the district court found credible the testimony of the law enforcement officers who testified to the following observations. There was a keg of beer in the back of the vehicle and Costa's passenger had an open container of beer. When he was outside of the vehicle, Costa smelled of alcohol. Costa had bloodshot eyes, slurred speech, and slow motor skills. Costa failed a number of field sobriety tests including the horizontal gaze

---

the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Costa's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

nystagmus (HGN) test (Costa could not follow the instructions), the walk-and-turn test (Costa missed several steps in heel-to-toe), and the one-leg-stand test (Costa kept putting his raised foot down and stopped early).

The district court did not err in holding that these observations gave the officers probable cause to arrest Costa for DUI. Because the officers had probable cause to arrest, the district court correctly denied Costa's motion to suppress evidence. Accordingly, the district court's order and the judgment of conviction are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**